4



# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

**JONATHAN HOOKS**, Plaintiff, v. **BRIDGESTREET GLOBAL HOSPITALITY**, Defendant.

Case No. 1:18-cv-05177

# DECLARATION OF JONATHAN HOOKS IN SUPPORT OF MOTION TO SEAL CASE FILE

I, **Jonathan Hooks**, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Plaintiff in the above-captioned matter and submit this declaration in support of my pro se Motion to Seal the case file.
2. In 2018, I filed a civil rights action against my former employer, BridgeStreet Global Hospitality, alleging racial discrimination, wrongful termination, and retaliation for whistleblowing. The complaint also described a hostile work environment, including a violent workplace incident in which I filed a police report against a colleague, Craven Bryan, who was subsequently terminated after making a death threat. Based on an arbitration clause in the onboarding paperwork, the Court compelled the matter to private arbitration. I had believed that the arbitration process would limit public visibility of the record, but later learned the docket remained accessible. The case was dismissed with prejudice on October 2, 2019.
3. The filings associated with this case contain sensitive personal information, including references to medical issues and racial discrimination. While the intent of the lawsuit was accountability, I did not anticipate that these documents would remain publicly available through court databases and search engines.
4. During arbitration and settlement discussions, I expressed concern to my legal counsel, The Harman Firm LLP, about the potential impact of public access to my case file. I verbally requested that steps be taken to seal or restrict access. Based on these discussions, I believed the matter had been resolved appropriately.
5. After resolution, I received a letter from The Harman Firm offering to destroy my case files if unclaimed (Exhibit A), followed by a notice announcing the firm's closure (Exhibit B). My attempts to follow up with the firm went unanswered.
6. Working at BridgeStreet—and the process of seeking accountability—caused intense emotional distress. I pursued legal action not because I am inclined to litigate, but because I felt trapped in an abusive environment where my boundaries, ethics, and dignity were repeatedly challenged.
7. I have learned a great deal since that time. I now have tools to recognize and remove myself from workplace abuse before reaching a breaking point. While I would not willfully choose to sue an employer again, I remain committed to standing up for myself when

necessary. The act of advocacy allowed me to reclaim a measure of control and begin healing. Any compensation I received did not outweigh the toll of the experience—my goal was to ensure the conduct was acknowledged and addressed.
8. Upon reentering the search for office-based employment, I discovered that the docket was still online. My name remained directly associated with the case, and because BridgeStreet appeared on my resume, my act of self-advocacy has been misinterpreted as litigiousness.
9. I am not seeking to erase my story, but to protect it from further distortion. The trauma I experienced should never have become an open record subject to public misinterpretation. This motion is a step toward safeguarding my truth, preserving my privacy, and allowing me to move forward without being penalized for the pain I endured.
10. The delay in filing this motion is attributable to circumstances beyond my control: the dissolution of my legal counsel's firm, the impact of PTSD on my professional trajectory, and the reasonable belief that my prior sealing request had been honored.
11. This motion is being filed in good faith to correct a longstanding oversight. I respectfully ask the Court to seal the full docket, including all pleadings, filings, and associated metadata, to ensure the matter is no longer searchable or publicly linked to my personal identity.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 12th of July, 2025.

_____

**JONATHAN HOOKS**
Pro Se Movant
127 Broadleaf Trail
Grovetown, GA 30813
(929) 316-0337
jonathanhookz@gmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Jonathan Hooks,**
Plaintiff,
v.
**BridgeStreet Global Hospitality,**
Defendant.

Case No. 1:18-cv-05177

**EXHIBIT A**

**Title:**

Letter from Seamus Fallon dated March 13, 2020 (The Harman Firm)

**Description:**

Correspondence from Seamus Fallon regarding the destruction of case documents.

**Purpose:**

This exhibit supports Plaintiff's claim that his attorney communicated about file disposal and confidentiality expectations related to case materials.



CHUKWUDUBEM Hooks-Abadom <jonathanhookz@gmail.com>

## Destruction of Case Documents
1 message

**Seamus Fallon** <sfallon@theharmanfirm.com>  
To: jonathanhookz@gmail.com

Fri, Mar 13, 2020 at 5:00 PM

VIA MAIL AND EMAIL [jonathanhookz@gmail.com]

Jonathan Hooks  
2248 Adam Clayton Powell Jr. Blvd. #3F  
New York, NY 10027

Re: Destruction of Case Documents

Dear Mr. Hooks,

As you know from our February 13, 2020 letter, your matter was resolved and/or the case was closed, and we are still in possession of hardcopies/originals of your files and/or property. If you would like to pick up these things, please call or email our office, and schedule a time to pick them up. If you would like us to mail them to you instead, we will mail them to you upon payment of an invoice for the shipping. You are responsible for the cost of shipping. If you do not want your things back, we will dispose of them consistent with our ethical obligations.

This letter is the second time we have reached out to you. If we do not hear from you, or you have said you will pick up your files but have not, we will attempt to contact you again. If we have not heard from you after 60 days from this letter, we will dispose of your things consistent with our ethical obligations.

If you have any questions—whether about scheduling a time to pick up your things or what things of yours we have, please contact us at (212) 425-2600.

Very truly yours,

Seamus Fallon  
Administrative Assistant  
THE HARMAN FIRM, LLP  
381 Park Avenue South | Suite 1220 | New York NY 10016  
t 212.425.2600 |c 917.545.7101 | f 212.202.3926  
sfallon@theharmanfirm.com



www.theharmanfirm.com

This message and any attached files are intended only for the person or entity to which they are addressed, and may contain information that is privileged, confidential, or otherwise protected from disclosure. Dissemination, distribution, or copying of this message or the information herein by anyone other than the intended recipient, or an agent thereof, is prohibited. If you have received this message in error, please notify us immediately.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Jonathan Hooks,**
Plaintiff,
v.
**BridgeStreet Global Hospitality,**
Defendant.

Case No. 1:18-cv-05177

EXHIBIT B

**Title:**

Letter from Walker Harman dated March 9, 2020

**Description:**

Notification announcing the closure of The Harman Firm.

**Purpose:**

This exhibit demonstrates Plaintiff's limited ability to follow up with counsel after the firm's closure post-settlement.

# THE HARMAN FIRM, LLP

Attorneys & Counselors At Law
www.theharmanfirm.com

Walker G. Harman, Jr.
381 Park Avenue South, Suite 1220
New York, New York 10016
T: 212.425.2600 F: 212.202.3926
E: wharman@theharmanfirm.com

March 9, 2020

**VIA EMAIL**

Greetings,

I write to inform you that, effective May 1, 2020, The Harman Firm, LLP, will be closing. I will be taking a hiatus from the practice of law to pursue other opportunities. It has been both my pleasure and honor to serve you and the workers of New York City and New York State for these last twelve years. Although The Harman Firm, LLP will cease to operate upon my departure, I am pleased to announce that my partner, Edgar M. Rivera, Esq., will continue to practice law.

Thank you again for allowing me to represent you in your legal matters. Please contact Edgar at (212) 425-2600 or erivera@theharmanfirm.com if you have any questions.

Very truly yours,

*/s/ Walker G. Harman, Jr.*

Walker G. Harman, Jr.