```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/29/25
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
JONATHAN HOOKS,                                      :
                                                     :
                        Plaintiff,                   :
                                                     :         18-CV-5177 (VEC)
        -against-                                    :
                                                     :              ORDER
                                                     :
BRIDGESTREET GLOBAL HOSPITALITY,                     :
                                                     :
                        Defendant.                   :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on October 2, 2019, the parties informed the Court that they reached an agreement in principle, and this case was dismissed with prejudice, *see* Order at Dkt. 17;

WHEREAS on July 18, 2025, Plaintiff moved to seal the public docket and associated filings in the case, as the "record contains sensitive personal information, including references to medical history and allegations of racial discrimination, which continue to cause reputational harm and professional hardship," *see* Mot. at 1, Dkt. 20;

WHEREAS Plaintiff asserts that his request meets the standard set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), arguing that the presumption of public access is outweighed by the following factors: the case was resolved without a finding of liability; the filings contain sensitive personal and medical information; the continued public availability of the record has caused harm to Plaintiff's employment prospects; there is no ongoing public interest in the contents of the file; and Plaintiff asked his former counsel to have the case sealed and relied on counsel's representations that the case would be closed; *id.* at 2, and

WHEREAS Plaintiff states that he relied on his former counsel's representation that the matter would be closed, and yet he attached as Exhibit A an email dated March 13, 2020, from

1

an administrative assistant at the Harman Firm, LLP, that states that if the firm did not hear back from Plaintiff within 60 days, the firm would dispose of the case files consistent with its ethical obligations, but the email did not make any reference to having the Court seal the case files.

IT IS HEREBY ORDERED that the motion to seal the case is DENIED.  Common law and the First Amendment protect the public's right of access to court documents.  *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–99 (1978); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91–92 (2d Cir. 2004).  This right of access is not absolute, and "the decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."  *Nixon*, 435 U.S. at 599 (footnote omitted).

The Second Circuit has set forth a three-part analysis to determine whether a document relating to a lawsuit should be made available to the public.  *See Lugosch*, 435 F.3d at 119–20.  First, the Court must determine whether the document is a "judicial document," to which the public has a presumptive right of access.  *Id.* at 119.  Judicial documents are those that are "relevant to the performance of the judicial function and useful in the judicial process."  *Id.* (internal quotation marks and citation omitted).  Second, if the court determines that the materials to be sealed are judicial documents, then the court must determine the weight of the presumption of access.  *Id.*  "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995).  Finally, "the court must balance competing considerations against" the presumption of access.  *Lugosch*, 435 F.3d at 120 (internal quotation marks and citation omitted).  "Such countervailing factors include but are not limited to the

danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* (internal quotation marks and citation omitted).

Plaintiff's motion to seal the entire case triggers First Amendment scrutiny. Among the documents Plaintiff moves to seal are the docket sheet, the complaint he filed, all other filings, and various court orders issued in this case. The docket sheet is the public record of the existence of this litigation. The remaining documents are "judicial document[s]," to which the public is presumed to have a right of access. *See Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 139–40 (2d Cir. 2016) (all pleadings, including a complaint, even in settled cases, "are judicial records subject to a presumption of public access"). Plaintiff made this motion nearly six years after the case had been terminated and cites only to vague claims that the record contains sensitive personal information, including references to medical history and allegations of racial discrimination which cause reputational harm and professional hardship. He claims that the equities favor sealing, and that the "trauma [he] experienced should never have become an open record subject to public misinterpretation." Declaration of Jonathan Hooks at 2, Dkt. 21.

The Complaint has two references to Plaintiff seeking "therapy" but has no other medical history information in it. Such cursory references, as well as vague allegations of reputational harm, do not overcome the presumption of access outlined in caselaw. The public holds a strong First Amendment interest in the judicial documents that Plaintiff moves to seal. The presumption of access therefore prevails unless the Court can make specific, rigorous findings that sealing the entire case is "necessary to preserve higher values" and "narrowly tailored" to protect this interest. *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 165 (2d Cir. 2013). Plaintiff has not made such a showing.

Based on the Court's consideration of these factors, the Court concludes that the circumstances presented here are not sufficiently extraordinary to outweigh the presumption in favor of public access to court records. Plaintiff's motion to seal is therefore denied.

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff at 127 Broadleaf Trail, Grovetown, GA 30813.

**SO ORDERED.**

Date: July 29, 2025
New York, NY

**VALERIE CAPRONI**
**United States District Judge**